32788. MOORE *v.* ALLEN.

DECIDED FEBRUARY 2, 1950.

*R. A. Harrison, S. Gus Jones,* for plaintiff in error.
*James D. Shannon,* contra.

FELTON, J. ■ There was no competent evidence to prove

that the defendant was a non-resident of Georgia, and the court erred in directing a verdict to the effect that he was.

■ There was no demurrer to the declaration, and the question whether the instrument sued on is too indefinite to be enforced because no time is specified, is not raised by a motion for a new trial.

■ The court erred in directing a verdict for the plaintiff on the merits of the case. The conclusions demanded by the evidence are that Mr. Allen did not have any rights concerning the operation of the filling station which he could legally sell. He operated it by authority from the Standard Oil Company. Mr. Moore could only operate it with permission from the Standard Oil Company and did so. Furthermore the evidence shows without dispute that the Standard Oil Company put the defendant Moore out of the station before the final payment to Mr. Allen was due. Since Mr. Allen had nothing he could sell, the note or contract was without consideration if it was given solely for the right to operate the station. If it was given for additional things such as merchandise, and pretermitting the question whether the terms of the contract could be added to by parol testimony, the defendant admitted that he received merchandise worth about $100.

The court erred in directing the verdicts for the plaintiff and in overruling the defendant's motion for a new trial.

*Judgment reversed. Worrill, J., concurs. Sutton, C. J., concurs in the judgment.*